ROB BONTA
Attorney General of California
NANCY G. JAMES
Supervising Deputy Attorney General
RHEA MARIANO
Deputy Attorney General
State Bar No. 204469
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013-1230
 Telephone:  (213) 269-6494
 Fax:  (916) 731-2119
 E-mail:  Rhea.Mariano@doj.ca.gov
*Attorneys for Non-Party*
*Department of Justice, Bureau of Investigation*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CARLOS TOWNS, ET AL,** | 23-cv-01635-MEMF-PD |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NON-PARTY CALIFORNIA DEPARTMENT OF JUSTICE'S MOTION TO QUASH DEPOSITION SUBPOENA FOR NOVEMBER 8, 2023, DEPOSITION OF NON-PARTY DEPARTMENT OF JUSTICE SPECIAL AGENT SUPERVISOR, AND FOR PROTECTIVE ORDER** |
| v. | |
| **COUNTY OF LOS ANGELES, ET AL.,** | |
| Defendants. | **[Fed. Rules Civ. Proc. 26, 45;  Local Rule 37]** |
| | Date:          December 5, 2023
Time:          1:30 p.m.
Courtroom:  580  (Roybal)
Mag. Judge:  Hon. Patricia Donahue |
| | Trial Date:          March 25, 2024
Pre-Trial Conf.:    March 6, 2024
Discovery Cutoff:  October 25, 2023 |

# TABLE OF CONTENTS

**Page**

Introduction................................................................................................................1

Factual Background ...................................................................................................3

    I.     California Government Code Section 12525.3  Entrusts the DOJ with Investigating Officer Involved Shootings...................................3

    II.    On October 18, 2023, the Magistrate Judge Ordered the DOJ to Provide Specific Information and Deferred Further Ruling on the Motion ...................................................................................5

    III.   Plaintiffs Issued a Subpoena Demanding to Depose SAS Richardson on November 8, 2023—Without Further Ruling From the Magistrate Judge and Without Acknowledging the Magistrate Judge's Oral Guidance at the Hearing ...............................6

Argument ...................................................................................................................8

    I.     Filing of a Motion to Quash and Motion for Protective Order Justifies Non-Appearance at Deposition...................................8

    II.    The Court Has Authority to Quash the Subpoena and Issue a Protective Order ...................................................................................9

    III.   The DOJ's Investigation Is Not Complete; Plaintiffs Are Not Entitled to Depose an Investigator During a Pending Investigation ...................................................................................10

    IV.   Plaintiffs Are Not Entitled to Privileged Information on a Pending Investigation...................................................................11

        A.    The Law Enforcement Investigatory Privilege Supports Quashing of the Deposition Subpoena and Granting of a Protective Order ...................................................11

        B.    The Subpoena Seeks Information Protected by the Deliberative Process Privilege...................................................15

        C.    The Official Information Privilege and Right to Privacy.........17

    V.    By Seeking to Depose an Investigator in a Pending Investigation, Plaintiffs Impermissibly Seek Unretained Expert Opinion...................................................................................18

Conclusion .............................................................................................................19

Certificate of Compliance.......................................................................................20

# TABLE OF AUTHORITIES

**Page**

CASES

*Barnes v. Madison*
    79 F. App'x 691 (5th Cir. 2003)................................................................8

*City of San Diego v. Superior Court*
    136 Cal.App.3d 236 (1981)...................................................................17

*Crawford v. Dominic*
    469 F.Supp. 260 (E.D.Pa.1979)............................................................11

*Davis v. Carmel Clay Schools*
    282 F.R.D. 201 (SD IN 2012) ...............................................................11

*Fourhorn v. City and County of Denver*
    261 F.R.D. 564 (D.Colo.2009)..............................................................17

*Frankenhauser v. Rizzo*
    59 F.R.D. 339 (E.D.Pa.1973) ................................................................11

*Franklin Sav. Ass'n v. Ryan*
    922 F.2d 209 (4th Cir. 1991).................................................................15

*Hackett v. Superior Court*
    13 Cal.App.4th 96 (1993)...............................................................17, 18

*Hongsermeier v. Commissioner of Internal Revenue*
    621 F.3d 890 (9th Cir. 2010).................................................................16

*In re McKesson Governmental Entities Average Wholesale Price Litig.*
    264 F.R.D. 595 (N.D. Cal. 2009) ..........................................................15

*In re Sealed Case*
    856 F.2d 268 (D.C. Cir. 1988) ..............................................................10

*In re Walsh*
    15 F4th 1005 (9th Cir. 2021)................................................................14

*Jones v. City of Indianapolis*
    216 F.R.D. 440 (SD IN 2003) .........................................11, 12, 13, 14

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Jones v. Hernandez*
   No. 16-CV-1986 W (WVG), 2018 WL 1981207 (S.D. Cal. Apr. 27, 2018) ........................................................................................11, 14

*Kelly v. City of San Jose*
   114 F.R.D. 653 (N.D.Cal.1987) ...............................................11, 17

*Landry v. F.D.I.C.,*
   204 F.3d 1125 (D.C. Cir. 2000) .......................................................11

*Mandy Lien v. City of San Diego*
   No. 21-CV-224-MMA (WVG), 2022 WL 134896 (S.D. Cal., Jan. 14, 2022) ..........................................................................................11

*N. L. R. B. v. Sears, Roebuck & Co.*
   421 U.S. 132 (1975) ........................................................................15

*North American Co. for Life and Health Ins. v. Philpot*
   No. 08CV270 BEN (NLS), 2010 WL 4917065 (S.D. Cal. Nov. 24, 2010) ................................................................................................8

*Pitchess v. Superior Court*
   11 Cal.3d 531 (1974) .......................................................................17

*Ramos v. Rocha*
   No. 219CV0726TLNKJNP, 2021 WL 3077584 (E.D. Cal., June 24, 2021) ................................................................................................8

*Roman v. Wolf*
   No. EDCV20-0768-TJH(PVC), 2020 WL 6588399 (C.D. Cal. July 16, 2020) ..........................................................................................11

*Roviaro v. United States*
   353 US 53 (1957) .............................................................................14

*Roy v. County of Los Angeles*
   No. CV 12-09012-AB, 2018 WL 914773 (C.D. Cal. Feb. 7, 2018) .................11

*Scalia v. International Longshore and Warehouse Union*
   336 F.R.D. 603 (N.D. Cal. 2020) ....................................................15

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Sony Music Entertainment. Inc.*,
 326 F.Supp.2d 556 (S.D.N.Y.2004) .......................................................................... 8

*Soto v. City of Concord*
 162 F.R.D. 603 (N.D.Cal.1995) ............................................................................... 11

*Tuite v. Henry*
 No. 94-268 (RCL), 181 F.R.D. 175 (D.D.C. July 31, 1998)................................... 13

*United States v. Rodriguez-Landa*
 No. 13-cr-00484-CAS, 2019 WL 653853 (C.D. Cal. Feb. 13, 2019)................... 11

*United States v. Winner*
 641 F.2d 825 (10th Cir. 1981) .................................................................................. 11

STATUTES

California Government Code
 § 12525.3 ...........................................................................................................*passim*
 § 12525.3(b)(2)(B).............................................................................................. 3, 16
 § 12525.3(b)(2)(C)..................................................................................................... 12
 § 12525.3(b)(3)............................................................................................... 4, 10, 15

California Evidence Code
 § 1040 ........................................................................................................................ 17
 § 1040(b)(2)............................................................................................................... 17
 § 1043 ........................................................................................................................ 17

California Penal Code
 § 832.7 ....................................................................................................................... 17
 § 832.8 ....................................................................................................................... 17

COURT RULES

Federal Rules of Civil Procedure
 Rule 26(c) ....................................................................................................................9
 Rule 45(d)(3)(A)(iii).....................................................................................................9
 Rule 45(d) ....................................................................................................................9
 Rule 45(d)(3)(B)(ii) ............................................................................................... 2, 18

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

Code of Federal Regulations, Title 18
   § 385.509 (Rule 509) ...................................................................................... 11

**OTHER AUTHORITIES**

Assembly Bill No. 1506 (2019-2020 Reg. Sess.)........................................................ 13

Stevenson, Karen et al., Fed. Civ. Pro. Before Trial Ch. 11, § 11:765
   (TRG 2023) ...................................................................................... 15

**INTRODUCTION**

On October 18, 2023, the Magistrate Judge heard oral argument on non-party Department of Justice's ("DOJ") motion to quash and for protective order as to Plaintiffs' original deposition subpoena to Special Agent Supervisor ("SAS") Samuel Richardson, dated August 25, 2023. [Doc 37.]  At the hearing, the Magistrate Judge confirmed that **during an ongoing investigation, the parties would not be allowed to question the investigator about the shooting and other information pertaining to the investigation.**  (Declaration of Rhea G. Mariano ("Mariano Decl.") ¶¶ 6-8)

The Magistrate Judge ordered the DOJ to provide the court, and the parties, by October 23, 2023, with the date the DOJ was notified by the County of the shooting at issue, and the anticipated conclusion date of the investigation. [1]  [Doc 50.]  The Magistrate Judge **deferred further ruling on the motion**. (Mariano Decl. ¶ 5.)

At the hearing, the Magistrate Judge denied Plaintiffs' request to order SAS Richardson to appear for deposition the next week, on October 24, 2023.  The Magistrate Judge also discussed her potential future order, depending on the anticipated completion date of the investigation.  If the investigation was not anticipated to conclude soon, she was inclined to allow a limited deposition with an appropriate protective order.  The deposition would be limited to whether SAS Richardson made statements about the County's notice of the shooting, as represented by the declarations of Barsha Knox and Plaintiffs' counsel, and if so, his basis for the statements.  **However, the parties would not be allowed to depose SAS Richardson about the investigation.**  (Mariano Decl. ¶¶ 5-8.)

The DOJ's investigation into the shooting of Charles Towns is ongoing.[2]  In defiance of the court's processes, Plaintiffs served a second deposition subpoena,

---

[1] On October 23 2023, the DOJ filed, lodged, and served the court-ordered information. [Doc 52, 52-1, 52-3, 53.]
[2] See Declaration of Rhea G. Mariano, Exhibit G.

dated October 25, 2023, demanding that SAS Samuel Richardson appear for deposition on November 8, 2023.  (Exhibit C to Mariano Decl.)   The October 25, 2023, deposition subpoena placed no limit on the areas of questioning.

The October 25, 2023, subpoena seeks testimony protected by the law enforcement investigatory privilege, the official information privilege, and the right to privacy.  The DOJ must be able to gather facts and evidence, and conduct thoughtful analysis, without the interference and disruption caused by attempts to depose its investigating supervisor.  Additionally, the subpoena seeks SAS Richardson's knowledge and information gained through his role as a DOJ supervising investigator.  Thus, the subpoena seeks unretained expert testimony in violation of Federal Rule of Civil Procedure 45, subdivision (d)(3)(B)(ii).

The DOJ met and conferred with Plaintiffs in a good faith attempt to informally resolve this dispute.  However, Plaintiffs refused to allow the Magistrate Judge to complete her ruling and provide further orders on the DOJ's original motion.  Plaintiffs ignored the DOJ's request that Plaintiffs confirm that any deposition would be limited in scope.

It was only on the afternoon of November 7, 2023, the day before the November 8, 2023, deposition, that Plaintiffs responded to the DOJ's meet and confer request on November 2, 2023, to prepare a protective order in preparation for the Magistrate Judge's potential additional order permitting a limited deposition.  Plaintiffs' response was that, despite the fact that the court has not issued a further ruling on the parameters of a deposition, the DOJ should have prepared a proposed order and that Plaintiffs expected SAS Richadson to appear for deposition on November 8, 2023.

As a result, the DOJ respectfully moves the court for an order quashing the October 25, 2023, deposition subpoena and issuing a protective order to postpone and limit the deposition.  The DOJ seeks to protect the integrity of its ongoing investigation, as well as to preserve the deliberative process privilege, law

enforcement investigatory privilege, and other privileges, against Plaintiffs' improper deposition of investigating supervisor SAS Richardson.

## FACTUAL BACKGROUND

**I.   CALIFORNIA GOVERNMENT CODE SECTION 12525.3 ENTRUSTS THE DOJ WITH INVESTIGATING OFFICER INVOLVED SHOOTINGS**

California Government Code section 12525.3 entrusts the DOJ with investigating officer-involved shootings ("OIS") that result in the death of an unarmed civilian.  The DOJ's California Police Shooting Investigation Teams Program is led by the Division of Law Enforcement ("DLE") and the Division of Criminal Law.  Both these divisions report directly to the Office of the Attorney General.  (Declaration of Stephen Woolery ("Woolery Decl.") ¶ 6.)

The DOJ Special Agent Supervisor is a key member of the DLE investigative team.  The duties of Special Agent Supervisor include, among other things, assessing the scene of the incident, identifying and coordinating efforts to identify critical witnesses and witness contact information, locating evidence, such as Body Work Video Recording Device evidence, interviewing witnesses, and delegating responsibilities to Incident Investigation Team special agents. (Woolery Decl. ¶ 7)

The Division of Criminal Law assigns a Deputy Attorney General to collaborate with the DLE in observing and monitoring the investigation.  Responsibilities of the assigned Deputy Attorneys General include responding to the scene of the incident whenever practical, observing witness interviews, and advising agents on the interview, and providing legal advice and assistance in the direction of the investigation. (Woolery Decl. ¶ 8.)

The DOJ prepares reports on its OIS investigations, which include:  (a) a statement of the facts; (b) an analysis and conclusion for each investigatory issue; and (c) recommendations to modify the policies and practices of the law enforcement agency, as applicable. (Cal. Govt. Code, § 12525.3, subd. (b)(2)(B).) (Woolery Decl. ¶ 9.)

3

The investigation report review process involves multiple steps.  In short, when the DLE investigators complete their preliminary investigation and reports, they provide the reports and evidence to the DOJ Division of Criminal Law for attorney review and analysis.  At this stage, follow up investigation may be needed to complete a comprehensive report.  For example, the assigned Deputy Attorney General may ask the DLE investigators to re-interview witnesses, obtain additional policies from local law enforcement, or further explain portions of the preliminary report.  (Woolery Decl. ¶ 10.)

The Attorney General's Office's, led by the Division of Criminal Law, reviews and analyzes the reports and evidence to determine if criminal charges against the involved enforcement officer(s) are warranted.  Where criminal charges are warranted, the Attorney General's Office initiates and prosecutes a criminal action against the officer(s).  (Woolery Decl. ¶ 11.)

DOJ investigation team members must, and are instructed to, ensure the confidentiality of the investigation.  The need for confidentiality extends throughout the course of the investigation until a final determination is made whether to pursue criminal charges.  Given the dynamic nature of these sensitive incidents, the DOJ is limited in the information it can provide regarding ongoing investigations.  It is important to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise prevent interference in an investigation or impede or chill communications and deliberations among DOJ personnel (Woolery Decl. ¶ 12.)

Additionally, when the final review process is complete and reports are made public on the DOJ website, the DOJ must first redact any information in that report that is required to be kept confidential by law.  (Cal. Govt. Code, § 12525.3, subd. (b)(3).)  (Woolery Decl. ¶ 13.)

## II. ON OCTOBER 18, 2023, THE MAGISTRATE JUDGE ORDERED THE DOJ TO PROVIDE SPECIFIC INFORMATION AND DEFERRED FURTHER RULING ON THE MOTION

On October 18, 2023, the Magistrate Judge heard oral argument on the DOJ's previous motion to quash and motion for protective order, filed on September 7, 2023. [Doc 37.]  The subpoena at issue, dated August 25, 2023, demanded that SAS Richardson testify about "[t]he shooting of Charles Towns in January, 2023." (Mariano Decl., Exhibit A.)

The Magistrate Judge, in balancing the Plaintiffs' interest in discovery with the DOJ's interests in protecting the investigation process and other privileges, granted the motion in part and denied it in part. [Doc 50; Mariano Decl., Exhibit B.) The Magistrate Judge ordered the DOJ to provide, by October 23, 2023, the date the County of Los Angeles notified the DOJ of the shooting, and the anticipated completion date of the DOJ's investigation.  [Doc 50.]

The Magistrate Judge deferred further ruling on the motion pending receipt of the DOJ's information on October 23, 2023.  At the hearing, the Magistrate Judge provided insight into her potential future order.  The Magistrate Judge explained that if the investigation continued for months, then she would be inclined to allow a limited deposition and that the court would fashion a protective order for the deposition.  (Mariano Decl. ¶ 5.)

With respect to the scope of the deposition, Plaintiffs submitted declarations from Barsha Knox and Plaintiffs' counsel Caree Harper, declaring that SAS Richardson made specific statements about the County's notice to the DOJ of the shooting.  The Magistrate Judge stated that any deposition while the investigation was pending would be limited to whether SAS Richardson made those statements to the declarants, and if so, his basis for the statements.  (Mariano Decl. ¶ 6.)

The Magistrate Judge expressly stated that the parties would not be allowed to depose SAS Richardson about the portions of the Knox declaration representing that SAS Richardson made statements regarding the shooting.  The Magistrate

5

Judge stated that questions about the shooting involved the DOJ's investigation; she would not allow SAS Richardson to be deposed about the shooting and other information pertaining to the investigation. (Mariano Decl. ¶ 7.)

With respect to a protective order, the Magistrate Judge stated that she expected the parties and the DOJ to meet and confer on a protective order for the deposition.  (Mariano Decl. ¶¶ 5, 9.)

At the hearing, Plaintiffs' counsel requested that if the DOJ informed the parties and the court that the investigation would not be completed soon, that the Magistrate Judge order SAS Richardson to appear for the deposition on October 24, 2023.  The Magistrate Judge denied the request.  (Mariano Decl. ¶ 8.)

**III.   PLAINTIFFS ISSUED A SUBPOENA DEMANDING TO DEPOSE SAS RICHARDSON ON NOVEMBER 8, 2023—WITHOUT FURTHER RULING FROM THE MAGISTRATE JUDGE AND WITHOUT ACKNOWLEDGING THE MAGISTRATE JUDGE'S ORAL GUIDANCE AT THE HEARING**

On October 25, 2023, Plaintiffs' counsel sent the DOJ's counsel e-mails stating that the DOJ violated the court's order to provide the date the County notified the DOJ of the shooting and that Plaintiffs would bring a motion for reconsideration of the court's October 18, 2023, order [Doc 50].  Plaintiffs' counsel also e-mailed a deposition notice and subpoena, dated October 25, 2023, demanding SAS Richardson's deposition on November 8, 2023.  (Mariano Decl. ¶¶ 11, 12, Exhibits C and D.)

On the morning of October 26, 2023, the DOJ's counsel reminded Plaintiffs that the Magistrate Judge deferred further ruling on the DOJ's motion, and that the Magistrate Judge explained that she was inclined to permit a limited deposition with a protective order.  The DOJ's counsel asked that Plaintiffs allow the Magistrate Judge to issue her additional order so that there would be no question as to the scope of any deposition.  (Mariano Decl. ¶¶ 13, 14, Exhibit D at 10/26/23 at 9:35 a.m. and 11:36 a.m. at pp. 002 – 004.)

On the afternoon of October 26, 2023, the DOJ's counsel continued the meet and confer efforts and asked Plaintiffs' counsel to confirm her acknowledgment of the limited scope and protective order requirements the Magistrate Judge discussed at the hearing. (Mariano Decl. ¶ 15, Exhibit D at 10/26/23 at 2:53 p.m.) Plaintiffs' counsel did not respond to this e-mail. (*Id.* at ¶ 15.)

On October 27, 2023, the DOJ's counsel e-mailed Plaintiffs' counsel and suggested that it would be best to await the Magistrate Judge's additional orders. The DOJ also invited Plaintiffs' counsel to meet and confer by telephone. (Mariano Decl. ¶ 16, Exhibit E at p. 001.) Plaintiffs' counsel did not respond to this e-mail. (*Id.* at ¶ 16.)

On November 2, 2023, the DOJ's counsel sent a follow-up e-mail to Plaintiffs' counsel asking Plaintiffs to confirm the limited scope of any deposition of SAS Richardson during the ongoing investigation. The DOJ sought to avoid the need for a motion to quash and for protective order as to the October 25, 2023, deposition subpoena. (Mariano Decl. ¶ 17, Exhibit F at 11/2/2023, pp. 003 – 004.)

Additionally, at the October 18, 2023, hearing, and in Plaintiffs' opposition papers to the DOJ's original motion to quash and for protective order, Plaintiffs' counsel represented that a protective order was appropriate for SAS Richardson's deposition and that she successfully obtained a third-party investigator's records in a similar case and discovery motion. Therefore, in her November 2, 2023, e-mail, the DOJ's counsel invited Plaintiffs to provide a draft protective order that would be acceptable to Plaintiffs. (Mariano Decl. ¶ 18, Exhibit F at 11/2/2023, pp. 003 – 004.)

In the November 2, 2023, e-mail, the DOJ's counsel again invited Plaintiffs' counsel to meet and confer telephonically. (Mariano Decl. ¶ 19, Exhibit F at 11/2/2023, pp. 003 – 004.) Plaintiffs' counsel did not respond to the DOJ's request for a telephonic meet and confer and did not agree that the deposition would be limited in scope. (*Id.* at ¶ 19.)

7

On November 7, 2023, Plaintiffs' counsel sent an e-mail in response to the DOJ's counsel's November 2, 2023, e-mail. Plaintiffs' counsel stated that the DOJ should have prepared the protective order, and asked whether SAS Richardson would "FTA" (fail to appear) for deposition the next day, November 8, 2023. (Mariano Decl. ¶ 20, Exhibit F, at 11/7/2023, p. 002.)

In response, the DOJ's counsel e-mailed Plaintiffs' counsel, proposing that the DOJ provide a draft protective order, that the parties and the DOJ seek the Magistrate Judge's further ruling on the DOJ's motion and approval of a protective order, and that in the meantime, Plaintiffs withdraw the deposition subpoena for a November 8, 2023, deposition. Otherwise, the DOJ would proceed with its motion to quash and motion for protective order. (Mariano Decl. ¶ 21, Exhibit F at 11/7/2023 pp. 001 – 002.)

At no time did Plaintiffs confirm that any deposition would be limited in scope to the timing of the County of Los Angeles's notice of the shooting as stated in the October 5, 2023 Knox and Harper declarations, and pursuant to a protective order, as the Magistrate Judge discussed during the October 18, 2023, hearing. (Mariano Decl. ¶ 13.)

## ARGUMENT

### I. FILING OF A MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER JUSTIFIES NON-APPEARANCE AT DEPOSITION

Filing a motion to quash before the date noticed for compliance justifies a non-party's appearance at deposition. (See *North American Co. for Life and Health Ins. v. Philpot*, 2010 WL 4917065, *2-3 (S.D. Cal. Nov. 24, 2010) [motion to quash filed before date noticed for compliance with record subpoena was timely]; see also, *Ramos v. Rocha* (E.D. Cal., June 24, 2021, No. 219CV0726TLNKJNP) 2021 WL 3077584, at *1, fn. 1); see also, *Sony Music Entertainment. Inc.*, 326 F.Supp.2d 556, 561 (S.D.N.Y.2004) ["It is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena"]; *Barnes v.*

*Madison*, 79 F. App'x 691, 707 (5th Cir. 2003) [the plaintiff's motion to quash deposition subpoena and motion for protective order, filed one business day before the deposition date, justified her non-appearance at deposition].

Here, the DOJ, a non-party, timely moved this court to quash the deposition subpoena and for a protective order. The motion was filed on November 7, 2023—before the deposition date, and after meet and confer efforts failed to resolve the dispute.

## II. THE COURT HAS AUTHORITY TO QUASH THE SUBPOENA AND ISSUE A PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 45, subdivision (d), a court "**must** quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." (Fed. R. Civ. P. 45(d)(3)(A)(iii), emphasis added.) Under Federal Rule of Civil Procedure 26, subdivision (c), the court has the authority to issue a protective order to protect "any person from annoyance, embarrassment, oppression, or undue burden or expense," including issuing an order "forbidding the disclosure or discovery." (Fed. R. Civ. P. 26(c)(A), see also Fed. R. Civ. P. 26(c)(B), (C), (D).)

**Here, on October 18, 2023, the Magistrate Judge already determined that Plaintiffs were not allowed carte blanche access to an investigating supervisor's testimony during an ongoing investigation**, and the DOJ and the parties should await further orders from the Magistrate Judge on the DOJ's original motion to quash and for protective order.

However, Plaintiff served a deposition subpoena that ignores the fact that the Magistrate Judge deferred further ruling on the DOJ's motion and that ignores the Magistrate Judge's guidance on a potential future order. Plaintiffs refused the DOJ's requests to limit the scope of any deposition SAS Richardson, consistent with the Court's guidance at the October 18, 2023, hearing. Plaintiffs ignored the DOJ's requests to acknowledge the Magistrate Judge's requirements that the parties

meet and confer regarding a protective order, and refused the DOJ's meet and confer attempts.  (Mariano Decl. ¶¶ __.)

Based on these facts, and for reasons of public policy and privilege, SAS Richardson should be protected from being deposed about information he received in his role as an investigator in a pending investigation.

### III.   THE DOJ'S INVESTIGATION IS NOT COMPLETE; PLAINTIFFS ARE NOT ENTITLED TO DEPOSE AN INVESTIGATOR DURING A PENDING INVESTIGATION

The DOJ's investigation is not complete. (Declaration of Stephen Woolery ("Woolery Decl.") ¶ 14; Mariano Decl. ¶ ___, Exhibit G.)   The DOJ's Government Code section 12525.3 involves multiple steps.  (Woolery Decl. ¶ 10.)  Throughout this process, the DOJ must ensure confidentiality.  (Woolery Decl. at ¶ 12.)  It is important to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise prevent interference in an investigation or impede or chill communications and deliberations among DOJ personnel.  (*Id.* at ¶ 12.)

Once the investigation is complete, the status of the investigation and the investigation report (redacted to protect confidential information and third party privacy rights) is made available to the public on the DOJ website.  (Woolery Decl. ¶ 13; Cal. Govt. Code, § 12525.3, subd. (b)(3).)

It is improper for Plaintiffs to depose the investigating supervisor about on ongoing investigation.  The DOJ's motion to quash and motion for protective order should be granted.

///

///

///

///

///

10

## IV.    PLAINTIFFS ARE NOT ENTITLED TO PRIVILEGED INFORMATION ON A PENDING INVESTIGATION

### A.    The Law Enforcement Investigatory Privilege Supports Quashing of the Deposition Subpoena and Granting of a Protective Order

The law enforcement investigatory privilege protects "testimony about or other disclosure of the contents of law enforcement investigatory files." (*In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988).)[3]  The privilege is based on the harm to law enforcement efforts that might arise from public disclosure of investigatory files. (*United States v. Winner*, 641 F.2d 825, 831 (10th Cir. 1981).) The purposes of the privilege are (1) to prevent public disclosure of law enforcement techniques and procedures; (2) to preserve the confidentiality of sources; (3) to ensure the safety of witnesses and law enforcement personnel; (4) to maintain the privacy of those involved with an investigation; and (5) to prevent outside interference with an investigation. (*Jones v. City of Indianapolis* (SD IN 2003) 216 F.R.D. 440, 443-444 (quoting *In re Dep't of Investigation of City of New York*, 856 F.2d 481, 484 (2d Cir. 1988)); *Davis v. Carmel Clay Schools* (SD IN 2012) 282 F.R.D. 201, 205.)

In balancing the public interest in protecting police investigations against the needs of civil rights plaintiffs, courts consider factors first announced in *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D.Pa.1973)(superseded by rule),[4] which, although not exhaustive, are useful in making this determination.  (See *Kelly*

---

[3]  Although the Ninth Circuit has not yet expressly recognized the law enforcement privilege, several courts within the Ninth Circuit in California have acknowledged and applied it. (See *Jones v. Hernandez*, No., 2018 WL 1981207, at *3, 2018 U.S. Dist. LEXIS 71378, at *8–10 (S.D. Cal. Apr. 27, 2018); *Roy v. County of Los Angeles*, No. CV 12-09012-AB (FFMx), 2018 WL 914773, at *12 (C.D. Cal. Feb. 7, 2018); United States v. Rodriguez-Landa, No. 13-cr-00484-CAS, 2019 WL 653853, at *16 (C.D. Cal. Feb. 13, 2019); *Roman v. Wolf*, No. EDCV20-0768-TJH(PVC), 2020 WL 6588399, at *2, 2020 U.S. Dist. LEXIS 213025, at *5 (C.D. Cal. July 16, 2020) (citing  Landry v. F.D.I.C., 204 F.3d 1125, 1135 (D.C. Cir. 2000)); *Mandy Lien v. City of San Diego* (S.D. Cal., Jan. 14, 2022, No. 21-CV-224-MMA (WVG)) 2022 WL 134896, at *2.

[4] See *Crawford v. Dominic*, 469 F.Supp. 260 (E.D.Pa.1979) (recognizing *Frankenhauser* relied on Fed.R.Evid. 509 which has since been repealed).

11

*v. City of San Jose*, 114 F.R.D. 653, 661 (N.D.Cal.1987) [adopting a weighted factor balancing test]; *Soto v. City of Concord*, 162 F.R.D. 603 (N.D.Cal.1995). Although the *Frankenhauser* case and its progeny involve discovery disputes between the plaintiffs and defendants in the actions, and not a third-party, case law discussing the factors on investigations provide guidance.

Here, the factors weigh in favor of protecting the integrity of the DOJ's pending investigation, safeguarding the privacy of witnesses, and the involved officers, and precluding investigator SAS Richardson's deposition.

a) Whether the investigation has been completed

The investigation has not been completed. This factor weighs in favor of non-disclosure, as the DOJ's investigation is ongoing. (See also, *Jones v. City of Indianapolis*, *supra*, 216 F.R.D. at 447.) (Woolery Decl. ¶ 14; Mariano Decl., Exhibit G.) The DOJ and SAS Richardson should not be inhibited from fully developing the facts and analysis of the events, and should not be forced to provide oral testimony that is premature and that divulges the DOJ's internal deliberative processes.

b) Whether any disciplinary proceedings have arisen or may arise from the investigation

California Government Code section 12525.3 entrusts the Attorney General's Office to initiate and prosecute (Cal. Govt. Code, § 12525.3, subd. (b)(2)(C).) The culmination of the DOJ's investigation may result in criminal indictments against one or more of the defendants. Likewise, the findings of the DOJ's investigation may lead the Los Angeles County Sherriff's Department to take disciplinary action against the individual defendants. Thus, this factor weighs in favor of the DOJ.

c) Whether the information sought is available through other discovery or from other sources

The DOJ is not a party to this action. Defendants and other witnesses who were witnessed the shooting, and the coroner who examined Mr. Towns, have first-

hand knowledge to information pertaining to the parties' claims and defenses. There is no need to depose an investigator in an ongoing investigation about his communications with witnesses. This factor weighs in favor of the DOJ.

        d) <u>The degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure</u>

Assembly Bill 1506, codified in California Government Code section 12525.3, appoints the DOJ to investigate officer involved shootings of unarmed civilians. The bill was passed in 2020 and became effective July 1, 2021. Thus, the DOJ's California Police Shooting Investigation Teams Program is a relatively new program. Compelled deposition testimony that touches on the DOJ's law enforcement investigation techniques may compromise DOJ's ability to build upon previous successes and lessons learned during past and current investigations. Release of "investigatory techniques is akin to a team providing its opponent with its play book. Again, this could compromise the public's safety." (*Jones v. City of Indianapolis*, *supra*, 216 F.R.D. at 446.)

        e) <u>Whether the information sought is factual data or evaluative summary</u>

SAS Richardson is not a percipient witness to the shooting incident. Any information he has, and any testimony sought from him regarding the Towns investigation, including whether the incident falls within the DOJ's authority to investigate, is clearly evaluative. SAS Richardson's deposition testimony would reveal his mental impressions or opinions. This factor weighs in favor of granting the DOJ's motion.

        f) <u>The impact upon persons who have given information of having their identities disclosed</u>

The potential harm to individuals who provided law enforcement with information in having their identities disclosed "cannot be understated." (*Tuite*, supra, 181 F.R.D. at 179.) This case involves police officers who could be subjected to criminal indictments. Some members of the community and other

13

peace officers may feel intimidated, or even threatened, by providing evidence that may implicate a police officer in engaging in criminal activity—regardless of whether such fears are well-founded.  This may also negatively impact the DOJ's investigation.  This factor weighs in favor of protecting SAS Richardson from deposition.

> g) The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information

In *Jones v. City of Indianapolis*, *supra*, 216 F.R.D. at 446, this factor weighed against disclosure of defendant police department's investigation documents.  In *Jones*, the court recognized that disclosure of witness testimony given to the police department during its investigation into the decedent's death would have a chilling effect on witnesses coming forward to assist law enforcement in future criminal investigations. (*Ibid*.)

Likewise, here, the use of confidential witnesses and informants provide law enforcement with a valuable and necessary tool to combat crime.  Many witnesses provide law enforcement with information to solve and prevent crimes with the expectation that their identities are not released to the public.  (See *Roviaro v. United States*, 353 US 53, 59, 77 S.Ct. 623, 627 (1957); *In re Walsh*, 15 F4th 1005, 1009 (9th Cir. 2021).)  Allowing investigator SAS Richardson to be deposed regarding the shooting of Charles Towns would have would have a chilling effect on witnesses coming forward.  Thus, this factor weighs in favor of the granting the DOJ's motion.

> h) The importance of the information sought to the plaintiffs' case

Plaintiffs are able to conduct discovery through deposition of the defendants, deposition of fact witnesses at the scene, deposition of Sherriff's Department or County employees responsible for notifying the DOJ of an officer involved shooting, and other witnesses outside of DOJ investigators.  Although parties may seek discovery and discovery may be broad, the value of the DOJ investigator's

14

testimony in an ongoing investigation is not significant and does not require disclosure.

In sum, the above factors weigh in favor of granting the DOJ's motion to quash and motion for a protective order.  A party to a civil litigation should not interfere with a pending investigation and question a DOJ supervising investigator about information gained in an ongoing investigation.

Once the investigation and the DOJ's analysis and reports are fully complete, the report will become public on the DOJ's website, subject to redactions where required by law to protect privacy.  (Cal. Govt. Code, § 12525.5, subd. (b)(3).) Plaintiffs should not be permitted to jeopardize the investigation process and the DOJ's mission to conduct a complete and thorough investigation.  The DOJ's motion should be granted.

### B.   The Subpoena Seeks Information Protected by the Deliberative Process Privilege

Absent evidence of bad faith or improper behavior, government decisionmakers cannot be compelled to testify about their mental processes in reaching a decision or about their communications and consultations with subordinates. (*Franklin Sav. Ass'n v. Ryan*, 922 F.2d 209, 211 (4th Cir. 1991); Stevenson, Karen et al., Fed. Civ. Pro. Before Trial Ch. 11, § 11:765 (TRG 2023).)

The deliberative process privilege protects "the decision making processes of government agencies" in order to "prevent injury to the quality of agency decisions." (*N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150-51, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975) (internal quotation marks and citations omitted); *Scalia v. International Longshore and Warehouse Union* (N.D. Cal. 2020) 336 F.R.D. 603, 609–610; see also, Stevenson, Karen et al., Fed. Civ. Pro. Before Trial Ch. 11, § 11:765 (TRG 2023), citing *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990).

"The underlying premise of the privilege is that agency decision-making might be impaired if discussions within the agency were subject to public review, thereby discouraging 'frank discussion of legal or policy matters." (*In re McKesson Governmental Entities Average Wholesale Price Litig.*, 264 F.R.D. 595, 600 (N.D. Cal. 2009) (quoting *Sears*, 421 U.S. at 150, 95 S.Ct. 1504); see also, *Hongsermeier v. Commissioner of Internal Revenue*, 621 F.3d 890, 904 (9th Cir. 2010).)

Here, the Special Agent Supervisor's preliminary report and analysis is submitted to the DOJ Division of Criminal Law for the next steps in the investigation and reporting process under Government Code section 12525.3.  The report and review process could include requests by the assigned Deputy Attorney General for additional information, such as requesting that the investigator reinterview witnesses or obtain additional evidence or records from local law enforcement, or further explain portions of the preliminary report.  (Woolery Decl. ¶ 10.)

Further, the Attorney General's Office's, led by the Division of Criminal Law, reviews and analyzes the investigator's preliminary reports and submitted evidence to determine if criminal charges are warranted to be sought against the involved enforcement officer(s). (Cal. Govt. Code, § 12525.3, subd. (b)(2)(B).)   In addition, after completion of the investigation reports, and based on the investigation reports and evidence, the Attorney General's Office also makes recommendations to modify the policies and practices of the law enforcement agency, as applicable. (Cal. Govt. Code, § 12525.3, subd. (b)(2)(B).) (Woolery Decl. ¶ 9.)  The foregoing steps are all part of the deliberative process.

In order for the Attorney General's Office to prepare its final reports, including analysis and recommendations, it must rely on information from the Special Agent Supervisor.  The DOJ relies on SAS Richardson to provide his complete and candid impressions and analysis to the DOJ's Division of Law Enforcement and the attorneys in the Division of Criminal Law, and vice versa.

Plaintiffs should not be permitted to intrude on or hamper the DOJ's decision-making processes by seeking SAS Richardson's deposition testimony.

### C.   The Official Information Privilege and Right to Privacy

Federal common law recognizes a qualified privilege for "official information." The official information privilege has been applied to protect peace officer's right to privacy in their confidential personnel information, including any complaints of, and investigations for, misconduct. (See *Fourhorn v. City and County of Denver*, 261 F.R.D. 564 (D.Colo.2009).)

Under California law, the official information privilege is codified in California Government Code section 1040, subdivision (b)(2). California's protection of peace officers' right to privacy in their personnel information is also acknowledged in California Penal Code sections 832.7 and 832.8, by California Evidence Code sections 1040 and 1043, and by the California Constitution's recognition of the right of privacy.

The right to privacy extends to attempts to elicit peace officer confidential information via deposition testimony. (*City of San Diego v. Superior Court*, 136 Cal.App.3d 236, 239 (1981); *Hackett v. Superior Court*, 13 Cal.App.4th 96, 99–101 (1993).) In order to obtain discovery of confidential peace officer information, the party seeking discovery must seek a court order for release of information by the custodian of records, and establish good cause to invade an officer's right to privacy. (See *Pitchess v. Superior Court*, 11 Cal.3d 531 (1974).)

Although in civil rights cases brought under federal statutes, questions of privilege are resolved by federal law, federal courts should not wholly ignore state laws, or rights recognized by state governments, when analyzing privilege issues in civil rights cases. As a matter of comity, federal courts should attempt to ascertain what interests inspire relevant state doctrine and should take into account the views of state authorities about the importance of those interests. (*Kelly v. City of San Jose*, 114 F.R.D. 653, 655-56 (N.D. Cal. 1987).) Likewise, federal courts

17

"generally should give some weight to privacy rights that are protected by state constitutions or state statutes." (*Kelly*, *supra*, 114 F.R.D. at 656.)

Here, Plaintiffs' deposition subpoena seeks testimony from SAS Richardson. The subpoena calls on SAS Richardson to discuss his investigation of the named defendant peace officers, and Plaintiffs' claims of misconduct against the peace officers, Sherriff's Department, and County of Los Angeles.  The subpoena calls on SAS Richardson to disclose information that under California law, is protected by the right to privacy. (See *Hackett*, *supra*,13 Cal.App.4th at 99–101.)

Further, neither the DOJ nor SAS Richardson is the custodian of records for the County of Los Angeles or its law enforcement agencies.  The subpoena should not be used as an end run around privacy protections.  Nor should the subpoena be used to elicit peace officer disciplinary information obtained by the DOJ in its pending investigation, rather than from the custodian of record after a showing of good cause for confidential peace officer information.  The DOJ's motion should be granted.

## V.    BY SEEKING TO DEPOSE AN INVESTIGATOR IN A PENDING INVESTIGATION, PLAINTIFFS IMPERMISSIBLY SEEK UNRETAINED EXPERT OPINION

Pursuant to Federal Rule of Civil Procedure 45, subdivision (d)(3)(B)(ii), the court has the authority to quash or modify a subpoena that seeks "an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." (Fed. R. Civ. P. 45, subd. (d)(3)(B)(ii).

SAS Richardson is not a percipient witness to the shooting of Charles Towns. Any information he has regarding the shooting comes from the DOJ's pending investigation and his role and expertise as a supervising investigator.

Thus, the subpoena impermissibly seeks unretained expert opinion.  And any opinion SAS Richardson may have to offer at present would be based on an incomplete investigation and thus unreliable.  A party did not retain SAS

Richardson to conduct any investigation, research, or report. Thus, Plaintiffs' deposition subpoena is improper and should be quashed.

## CONCLUSION

For the reasons discussed above and in the DOJ's supporting papers and evidence, the DOJ respectfully requests that the court grant this motion to quash and motion for a protective order as to Plaintiffs' recent subpoena for a deposition on November 8, 2023.

Dated:  November 7, 2023                            Respectfully submitted,

ROB BONTA
Attorney General of California
NANCY G. JAMES
Supervising Deputy Attorney General

*R. Mariano*

RHEA G. MARIANO
Deputy Attorney General
*Attorneys for Non-Party
Department of Justice, Bureau of
Investigation*

LA2023603415
66364609.docx

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Non-party Department of Justice, certifies that this brief contains 5,612 words, which complies with the word limit of L.R. 11-6.1.

Dated:  November 7, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
NANCY G. JAMES
Supervising Deputy Attorney General

*R. Mariano*

RHEA G. MARIANO
Deputy Attorney General
*Attorneys for Non-Party
Department of Justice, Bureau of
Investigation*